## Excelsior Foundry Company v. Frank B. Rogers.

ORDINARY CARE—*when failure to exercise, bars right of recovery.* An infant who is of sufficient age to be in law capable of exercising ordinary care for his own safety, is barred from a recovery for personal injuries where at the time of receiving the same he was not himself in the exercise of ordinary care for his own safety.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Reversed, with finding of fact. Opinion filed September 13, 1907.

C. E. POPE, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, a minor, who brought suit by his next friend, recovered a judgment against appellant, for damages resulting from injuries received by him while in its employ.

The amended declaration contained three counts. The first charged that appellant was the owner of a foundry and machine shop; that appellee was a minor and inexperienced in handling and operating complicated machinery; that appellant had in its use a gap-lathe on which the bases of iron columns were turned and made smooth; that this gap-lathe had a defect which caused it to fail to feed or force the cutting tools against the base of the column regularly as the face plate holding the tools revolved; that thereby it became necessary for the operator of the lathe to insert his hand between the face plate and the base of the column to feel the surface of the column, for the purpose of ascertaining whether the feed arrangement was operating properly; that it was the duty of appellant to instruct and show the operator of the lathe how to ascertain whether said feed arrangement was performing its function and warn him against the danger attending the ascertaining of that fact, and to

provide a sufficient amount of light to enable the operator to insert his hand to ascertain whether or not the feed arrangement was properly performing its function, without danger to himself; that appellee was ordered to operate said lathe for the purpose of smoothing the surface of a certain steel or iron column having a square base, the corners of which could not be reached by the knives in the face plate of the lathe; that appellant negligently maintained the gap-lathe in a corner of its plant where there was no natural or artificial light; that while appellee was engaged in said work in the exercise of due care and caution for his own safety and without knowledge of the danger of inserting his hand between the face plate and the base of the column, he inserted his hand to ascertain whether or not said feed arrangement was properly performing its function and by reason of the negligence of appellant in failing to perform the duties devolving upon it as aforesaid, his thumb was caught between the attachment on the face plate in which the knives were set and a corner of the column, injuring it so that it afterwards had to be amputated.

The next count charged that appellee was inexperienced in handling and operating defective and complicated machines; that it was the duty of appellant to provide a reasonably safe machine for plaintiff and to instruct him how to work the same; that appellant furnished him a lathe that was out of repair and negligently failed to instruct him how to work it and that by reason of such negligence on the part of appellant the injury occurred.

The third count charged that the injuries were directly attributable to the order and direction of the appellant, through its foreman, to appellee to operate said gap-lathe in the cutting of a steel column, the base of which was larger in area than the cutting surface of the knife in the face plate, and in failing to point out and make known to him the condition in which an attempt to so cut said column would leave the base thereof and in failing to warn him of the danger of thus attempting said work.

At the close of appellee's evidence and again at the close

of all the evidence, appellant moved the court to instruct
the jury to find appellant not guilty, but the court denied
said motion.   The verdict and judgment were for $2,500.

It appears from the proofs in the record that appellant on
September 13, 1904, was operating a foundry and machine
shop in Belleville, Illinois.   Mr. Ed. Rogers was president
of the corporation and superintendent of the plant.   His
son, Frank B. Rogers, who was almost 19 years of age, was
employed to work in the machine shop.   He had attended
the public schools of Belleville, completing one year in the
high school and had then taken a three years' course in a man-
ual training school in St. Louis, Missouri.   He had worked
for several months at various places before he was engaged by
appellant.   He was employed by appellant some five months
prior to the time he was injured and put in charge of the
machine shop, having control of the work done therein.
The machine shop was a large room 60 feet long, 30 feet
wide and 30 feet high.   It was lighted with five windows
on the west side and there were large double doors leading
outside about the center of the east wall.   Among other
work done in the shop was that of smoothing and leveling,
or truing, the bases of iron or steel columns used as sup-
ports in the construction of buildings; and this work was
done with a gap-lathe, a machine some 12 feet long and 4
feet high, operated by appellee.   In smoothing the base,
the column was laid in the framework of the lathe, fastened
with bolts and clamps, and so adjusted that the surface of
the base was in close proximity to cutting tools fastened in
the face plate of the lathe.   The face plate was circular and
about 30 inches in diameter.   The knives were fastened in
a tool holder which worked in a slot extending from near
the center to the outer edge of the face plate.   The cutting
tools were so arranged that as the face plate turned, they
cut from the center, revolving in a circle gradually towards
the outside edges of the base.   The tool holder was at one
end of a screw which extended through the radius of the
face plate and on the opposite end of the screw there was a
star wheel.   As the face plate revolved, one point of the

Excelsior Foundry Co. v. Rogers.

star wheel would come in contact with a stationary pin causing the star wheel to turn one point. This had the effect of drawing the knives and tool holder a short distance from the center towards the outer edge of the plate at each turn. If one cutting over the surface of the base was not sufficient, the knives would be again returned to the center of the face plate and the operation repeated as often as necessary. The bases of the columns were square and the capacity of the machine was such that the knives would not reach the entire surface of a base larger than 12 inches square, and where a 14-inch base was put in the machine, as was the case when the injury occurred, there would be left a small point of uncut surface on each corner, that had to be otherwise chipped off. Orders for work to be done in the machine shop, were given by his father to appellee, and appellee would tell the others working in the shop what was to be done. Appellee did all the work required to be done in smoothing bases of the columns turned out at the foundry during his employment, of which there were a considerable number. In smoothing the bases, there would be hard and soft places in the metal of the bases and it was necessary to ascertain from time to time how the knives were cutting. This was done by appellee by inserting his hand between the face plate and the base and feeling the surface that had been cut over. Appellee had never been instructed by any one for appellant how to operate the machine in question, but he had watched the man who had charge of it before him and had seen that man put his hand in on the base to ascertain if the knives were cutting properly.

On the morning of the day on which appellee was injured, his father directed him to turn out an 8-inch column, the base of which was 14 inches. This was a larger base than appellee had ever undertaken to smooth. In the afternoon of that day appellee and another workman adjusted the column in the framework of the lathe, and appellee commenced cutting the base. He had gone over it twice, the knives cutting the surface down about a quarter of an inch except at the corners which were much higher, the surface

there being untouched. As the machine was making the third cutting, the knives working from the center to the outer edge of the plate, appellee inserted his hand between the base and the face plate to examine the cutting, when it was caught as he claims, between one of the extending corners and the tool holder, and his thumb so badly mashed that it afterwards had to be amputated.

Only one witness was introduced by appellant, and objections were sustained to most of the questions asked him. He had never seen the gap-lathe in question in operation and the two or three questions he answered, shed no important light upon the questions being investigated. The case was therefore really tried upon the evidence on behalf of appellee.

We have set out the declaration and evidence somewhat at length, for the reason the case must be disposed of on the facts. We are not fully satisfied that the charges of negligence contained in the declaration are sustained by the evidence, or that appellant was guilty of any negligence which caused or contributed to bring about the injuries suffered by appellee; but waiving that question, we are of opinion the evidence clearly shows that appellee was not at the time he was injured in the exercise of ordinary care for his own safety. He was not inexperienced but had been educated specially for the work of a machinist and had some five months' experience in the particular line of work in which he was engaged when injured. While appellee's father told him what work was to be done he did not indicate to him the manner in which it was to be done, but appears to have left that to the judgment of appellee who was himself in charge of all the work done in the machine shop. The star wheel on the rim of the face plate indicated plainly where the knives were and could be easily seen. Had appellee waited for the star wheel to pass before inserting his hand to feel of the base of the column, he would have been in no danger of injury and to have done so would only have required him to wait a few seconds.

The unfortunate and painful injury of appellee is shown

by the evidence, to have been an accident, occasioned by his own negligence and the judgment of the court below will therefore be reversed.

*Reversed, with finding of fact.*

Finding of fact, to be incorporated in the judgment of the court:

We find that at the time appellee received the injuries mentioned in the declaration in this case, he was not in the exercise of ordinary care for his own safety.